UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mark Stanger, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>Resurgent Capital Services L.P.,<br>      Defendant. | Case No. 1:22-cv-3112 |

## DEFENDANT'S MOTION TO DISMISS

Plaintiff Mark Stanger has sued Defendant Resurgent Capital Services, L.P. ("Resurgent") for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA," 15 U.S.C. § 1692k, *et seq.*). Resurgent moves to dismiss the Complaint for lack of standing and failure to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(1) and (6).

Plaintiff alleges in his Complaint that Resurgent was retained to collect a debt from Plaintiff. (ECF No. 1 at ¶ 25.) In that capacity, Plaintiff alleges that Resurgent sent a response to a request for validation of his debt to his "representative, Cutler & Associates, Ltd." (ECF No. 1 at ¶¶ 27 and 28; Exhibit A to the Complaint). This Court make take judicial notice of the fact that Cutler & Associates, Ltd. are the attorneys who represented Plaintiff in his bankruptcy case in the Northern District of Illinois under case number 19-29637. (*See* Docket for ND IL Bankruptcy Case, *In re Stanger*, Case No. #19-29637, attached hereto as Exhibit 1.)

Plaintiff further alleges in his Complaint that the response to the validation request violated the FDCPA since it contained "contradictory" and "nonsensical" balances for the debt that was the subject of Resurgent's collection efforts. (ECF No. 1 at ¶¶ 31 and 32). Specifically, the validation response consists of a cover letter that states that the balance owed is $5,055.36 and a second page that is identified as an "ACCOUNT SUMMARY REPORT 6/15/2021 3:23:12 PM" which

1

contains three categories of information: (1) "Borrower Information"; (2) "Current Account Information" that states the "Current Balance Due" is $5,055.36 and that the last payment on the account was "05/03/2018"; and (3) "Historical Account Information" that states that the account was acquired on or about "02/21/2020" and the account balance on that date was "$5,093.36."

A true and correct copy of the content of the ACCOUNT SUMMARY REPORT included in the letter to Plaintiff's attorneys, Exhibit A attached to the Complaint, is as follows:

**ACCOUNT SUMMARY REPORT**
6/15/2021 3:23:12 PM

This account summary has been prepared by Resurgent Capital Services on behalf of LVNV Funding LLC. It is not a credit card or other account statement from the original creditor.

| Borrower Information | | Current Account Information | |
|---|---|---|---|
| Name: | MARK STANGER | Owner: | LVNV Funding LLC |
| Address: | 651 Hapsfield Ln Apt 101 | Resurgent Reference #: | 690432824 |
| | | Original Creditor: | Synchrony Bank |
| City: | Buffalo Grove | Account Number: | XXXXXXXXXXX9665 |
| State: | IL | Merchant: | Sam's ClubPersonalCredit |
| Zip Code: | 60089-4707 | Current Balance Due: | $5055.36 |
| | | Date of Last Payment: | 05/03/2018 |

| Historical Account Information | |
|---|---|
| The original creditor for this account was: | Synchrony Bank P.O. Box 105972 Atlanta, GA 30348 |
| The origination date with original creditor was: | 02/22/2004 |
| The account charge-off date was: | 12/10/2018 |
| The account charge-off amount was: | $5,093.36 |
| The account was acquired on or about: | 02/21/2020 |
| The account balance at time of acquisition: | $5,093.36 |

This communication is from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose.

Plaintiff alleges that the "conflicting" balances in the letter confused him because he thought that the letter might be somehow fraudulent (ECF No. 1 at ¶¶ 42, 63 and 71); or maybe

2

the account balance might revert back at some time to the higher amount (*Id.* at ¶¶ 43, 50 and 59); or maybe the account might be sold to some other party and the balance would further change. (*Id.* at ¶ 51.) As a result, Plaintiff alleges that he never paid any amount on the debt and that he chose to spend his money on other things. (*Id.* at ¶¶ 66 and 67.) Despite the letter being sent to Plaintiff's bankruptcy attorneys, Plaintiff then alleges that he experienced "fear, anxiety, stress, increased heartrate, and difficulty with sleep" because the collection might possibly be fraudulent, might possibly be from someone trying to collect an incorrect debt, might possibly be trying to collect on a "nonsensical" debt, or finally, because the letter "did not make sense." (*Id.* at ¶¶ 80-83.) What is actually nonsensical is Plaintiff's claim that he experienced emotional distress in response to a letter addressed to his attorneys that clearly states the "current balance due." Plaintiff's bankruptcy lawyers logically then communicated with Plaintiff about the letter. Otherwise, Plaintiff would have never known about the letter sent to his attorneys and would not have been able to base this lawsuit on that letter.

I. **Legal Standard for Dismissal Under Rules 12(b)(1) and (6)**

Fed. R. Civ. P. 12(b)(1) permits a motion to dismiss for lack of subject matter jurisdiction. For a district court to have subject matter jurisdiction over a case or controversy, the plaintiff must have standing to seek the requested relief. *Silha v. ACT, Inc.,* 807 F.3d 169, 173 (7th Cir. 2015). "As the plaintiff invoking federal jurisdiction, a plaintiff bears the burden of establishing the elements of Article III standing." *Id.* "A defendant may challenge the existence of subject matter jurisdiction by "factual challenge" or "facial challenge." *Id.* At this time, Resurgent presents a facial challenge because Plaintiff "has not sufficiently alleged a basis of subject matter jurisdiction." *Id.* (internal quotations and emphasis omitted.) In considering such a challenge, the

Court is to "accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id.*

As the party invoking a federal court's jurisdiction, Plaintiff has the burden of establishing his standing to sue in federal court. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). In response to a motion to dismiss, the plaintiff must supply proof, by a preponderance of the evidence or to a reasonable probability, that standing exists. *Bazile v. Finance System of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020).

Fed. R. Civ. P. 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. In considering such a motion, the Court is to "assume all well-pleaded allegations are true, and construe reasonable inferences in plaintiff's favor." *Chicago Studio Rental, Inc. v. Ill. Dept. of Commerce*, 940 F.3d 971, 977 (7th Cir. 2019). "To survive a motion to dismiss under Rule 12 (b)(6), a plaintiff must allege enough facts to state a claim that is plausible on its face." *Id.* (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted).

II. **Plaintiff Lacks Article III Standing to File Suit**

Other than generically alleging various forms of emotional distress, Plaintiff has failed to allege any facts supporting standing to prosecute this action in a federal court. "Article III limits federal courts to resolving "cases" and "controversies." U.S. Const. art. III,, §2." *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021). "To ensure that what is before them is in fact a case or controversy, federal courts require that plaintiffs have 'standing' to sue. That means a plaintiff must have suffered an injury in fact that is traceable to the defendant's conduct and redressable by a favorable judicial decision." *Id.* "An injury in fact is 'an invasion of a legally

protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not conjectural or hypothetical." *Id.*

The facts in *Markakos* are remarkably similar to those in this case. Plaintiff in *Markakos* alleged the defendant sent her a letter seeking to collect $1,830.56. Subsequently, plaintiff's lawyer sent the collector a letter disputing the debt. The collector then sent a response stating that the amount owed was now only $407.00. Markakos then sued the collector for sending letter to her that "stated inconsistent debt amounts." *Id.* at 719. The district court granted a motion to dismiss for lack of standing and failure to state a claim. The Seventh Circuit stated: "That decision was right. Markakos lacks standing to sue Medicredit under the FDCPA because she did not allege that the deficient information harmed her in any way. Instead, she admits that she properly disputed her debt and never overpaid." *Id.*

Similarly, Plaintiff admits that he never paid any money to Defendant following the receipt of the letter addressed to his bankruptcy attorneys. He has not been damaged in any concrete or particularized way as a result of the allegedly inconsistent balance amounts in the letter that is the subject of this lawsuit. Plaintiff did not pay anything extra as a result of receiving the letter in question, as was the case in *Markakos, supra* at 781: "Markakos has not alleged any way in which the alleged information in Medicredit's letters injured her. In fact, she's shown the opposite by admitting that she did not pay anything extra…"

Markakos also claimed that she was "confused and aggravated" by the defendant's letters but the *Markakos* court pointed out that "such grievances are not injuries in fact in this context" citing to *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071 (7th Cir. 2020) holding: "Many people are annoyed to learn that governmental action may put endangered species

at risk… Yet … to litigate over such acts in federal court, the plaintiff must show a concrete and particularized loss, not infuriation or disgust." *Id.*

Here, Plaintiff's claimed injuries are hypothetical or conjectural at best and are not actual or imminent. The Complaint alleges Plaintiff was unable to respond and unable to evaluate how much was owed after receiving the letter addressed to his "representative" bankruptcy attorneys. (ECF No. 1 at ¶¶ 27 & 64). The Seventh Circuit has made it clear that ephemeral injuries as those alleged by Plaintiff here do not create standing. *See, e.g., Larkin v. Finance System of Green Bay*, 982 F.3d 1060, 1066 (7th Cir. 2020)(no standing where statements were made that plaintiff claimed caused him not to seek medical attention); *Spuhler v. State Collection Service*, 983 F.3d 282 (7th Cir. 2020)(no standing where plaintiff was not advised that interest would continue to accrue); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068-69 (7th Cir. 2020)(holding confusion does not create standing where the plaintiff was told by the collector that it had to report release of the debt to the IRS); *Gunn, supra*, 982 F.3d 1069, 1071(no standing where the debtor was advised that his property could be foreclosed upon); *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899-900 (7th Cir. 2020)(no standing where the collection letter overstated the amount due); *Bazile, supra,* at 280-81 (7th Cir. 2020)(no standing where the consumer was not advised that the debt amount would increase with the accrual of interest); *Smith v. GC Services Ltd. Partnership*, 986 F.3d 708, 710-11 (7th Cir. 2021)(no standing where the collector failed to advise the debtor that a dispute had to be made in writing); *Pennell v. Global Trust Management LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021)(no standing where a letter from the collector allegedly caused stress and confusion without any basis for such a claim); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021)(no standing where the letter from the collector were claimed to have caused "personal humiliation, embarrassment, mental anguish and emotional distress).

6

Most recently in *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934 (7th Cir. 2022) the plaintiff was initially sued years before by Midland Funding regarding a debt but that lawsuit was dismissed. Then, 10 years later, Midland Credit became involved and sent a collection letter to the plaintiff regarding the same debt. This confused the plaintiff and she sued. Plaintiff alleged that the letter was deceptive and that she might have been convinced to pay a time-barred debt as a result. The plaintiff alleged that she was confused whether she could be sued for the debt, however, the *Pierre* court held that "psychological states induced by a debt collector's letter … fall short. Confusion, we have held, is not a concrete injury in the FDCPA context … [Plaintiff] further testified that she experienced emotional distress arising from her concern about being sued for the debt. But worry, like confusion, is insufficient to confer standing in this context." *Id.* at 939.

Plaintiff has not alleged a concrete and particularized harm to support a determination that this Court has Article III jurisdiction over this matter. The claimed injuries are, at best, speculative and hypothetical with no factual basis. Accordingly, Defendant's Motion should be granted, and this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**III.  Plaintiff Fails to Adequately Allege Facts of a Violation of the FDCPA.**

**a. The Unsophisticated Consumer Standard Does Not Apply to the Communication at Issue. Rather, the Competent Lawyer Standard Applies.**

Plaintiff admits that he was represented by Cutler & Associates, LTD ("Plaintiff's representative") with regard to the letter that is the subject of this lawsuit. (ECF No. 1 at ¶ 27.) The letter at issue was sent to Cutler & Associates, LTD, who represented Plaintiff in a bankruptcy in the Norther District of Illinois. (Complaint, ¶ 27). The letter was not addressed to Plaintiff nor was the letter mailed to Plaintiff by Defendant.

It is anticipated that Plaintiff will argue that the letter in question should be evaluated based upon the unsophisticated consumer standard. However, the unsophisticated consumer standard

7

does not apply where the letter is addressed to and transmitted to an attorney for consumer. The appropriate standard by which to analyze whether the letter in question is the "competent lawyer" standard. *See Evory v. RJM Acquisitions Funding LLC*, 505 F3d 769, 774-775 (7th Cir. 2007)(holding that "By the same token, the 'unsophisticated consumer' standpoint is inappropriate for judging communications with lawyers … and since the debt collector cannot be expected to know how knowledgeable a particular consumer's lawyer is, we conclude a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable); *see also Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 603-04 (7th Cir. 2016)(holding that the "competent attorney" standard applies to a claimed 1692e violation rather than the "unsophisticated consumer" standard and concluding that the letters in that case fail "to plausibly suggest that Bravo has a right to relief above a speculative level. The Court finds that the two letters…would not have deceived a competent attorney who was aware that the debts had been resolved.").

Here, any competent attorney would immediately recognize that when the letter in question referenced the "current balance due," that is a reference to the amount that is currently owed by Plaintiff, as shown in the Account Summary Report:

| Current Account Information | |
|---|---|
| Owner: | LVNV Funding LLC |
| Resurgent Reference #: | 690432824 |
| Original Creditor: | Synchrony Bank |
| Account Number: | XXXXXXXXXXX9665 |
| Merchant: | Sam's ClubPersonalCredit |
| Current Balance Due: | $5055.36 |
| Date of Last Payment: | 05/03/2018 |

It is also true that any competent attorney would immediately recognize that when the letter in question referenced the balance due at the time the account was acquired, that reference was

8

simply part of the history of the debt to provide context for the current balance due, as shown in the Account Summary Report:

| Historical Account Information | |
|---|---|
| The original creditor for this account was: | Synchrony Bank<br>P.O. Box 105972<br>Atlanta, GA 30348 |
| The origination date with original creditor was: | 02/22/2004 |
| The account charge-off date was: | 12/10/2018 |
| The account charge-off amount was: | $5,093.36 |
| The account was acquired on or about: | 02/21/2020 |
| The account balance at time of acquisition: | $5,093.36 |

      **b. The Statement of the Current Balance Due is Not Deceptive Under Any Standard.**

As discussed above, the letter in question is clear that the "Current Balance Due" is $5,055.36. It is also clear that the historic account information shows that "$5,093.36" was the amount owed on the account in February 2020, when it was acquired by the current owner (LVNV Funding LLC). The account balance at the time of acquisition, which is listed as 02/21/2022, is contained in the "Historical Account Information" section, not in the "Current Account Information" section.

The claim in *Koehn v. Delta Outsource Grp., Inc.*, 939 F.3d 863 (7th Cir. 2019) was very similar to the claim in this case. There, a letter was sent referencing a "current balance." Koehn claimed that this statement was misleading since it suggested by the use of the term "current" that the amount of the debt was not static, when in fact it was, and that the term "current" suggested the amount could change in the future and thereby mislead debtors. Delta moved to dismiss pursuant to 12(b)(6). The Seventh Circuit upheld the granting of the motion to dismiss based on the "unsophisticated consumer" standard and concluded that "dunning letters can comply with the Fair Debt Collection Practices Act without answering all possible questions about the future. A

9

lawyer's ability to identify a question that a dunning letter does not expressly answer ('Is it possible the balance might increase?') does not show the letter is misleading, even if a speculative guess to answer the question might be wrong." *Id.* at 865. In so holding, the Seventh Circuit court noted: "Delta's letter challenged here contains no directive to call for a 'current balance,' nor does it include any language implying that 'current balance' means anything other than the balance owed. We have cautioned before: 'The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it.' [Citations omitted.] It takes an ingenious misreading of this letter to find it misleading." *Id.*

A similar issue arose in *Degroot v. Client Servs.*, 977 F.3d 656 (7th Cir. 2020). There, an initial collection letter stated that interest and fees were no longer being added to the account. Subsequently, the debt was assigned to another collector, Client Services, who stated in a letter that "no interest will be added to your account balance through the course of [its] collection efforts concerning your account." *Id.* at 659. Degroot claimed that the second letter implied that interest could be added if Client Services' collection efforts were unsuccessful. His claim was dismissed pursuant to a 12(b)(6) motion. The Seventh Circuit affirmed dismissal and pointed out that the collection letter made no statement as to what might happen in the future. "[T]hat is why a statement in a dunning letter that relates only to the present reality and is completely silent as to the future generally does not run afoul of the FDCPA . . . For that reason, the itemized breakdown here, which makes no comment whatsoever about the future and does not make an explicit suggest about future outcomes, does not violate the FDCPA." *Id.* at 662. The Seventh Circuit continued by observing that "the fact that a debtor may incorrectly speculate as to a possible outcome does not render a dunning letter misleading. It is only when a dunning letter at least implicitly points to a possible outcome that it can become misleading." *Id.*

The Seventh Circuit has consistently held that the types of claims being made by Plaintiff in this case do not constitute violations of the FDCPA when applying the "unsophisticated consumer" standard. Since the standard that applies to this case is not that of the "unsophisticated consumer," but rather is that of a "competent attorney," the basis for granting this Motion is substantially stronger.

**IV.     Conclusion**

Based on the foregoing, there is no basis for this Court's jurisdiction based upon Article III of the Constitution and this Motion to Dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(1).

Even if the Court determines that Article III jurisdiction may exist, Plaintiff has not and cannot allege any facts to state a plausible claim that Defendant violated the FDCPA. Creative mis-reading or idiosyncratic interpretations of letters will not support any claim for a violation of the FDCPA in the Seventh Circuit because the objective test used to evaluate letter disregards "bizarre" or "idiosyncratic" interpretations of collection letters. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014); *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). Accordingly, this Motion to Dismiss should be granted as well pursuant to Fed. R. Civ. P. 12(b)(6).

>Respectfully submitted,
>BARRON & NEWBURGER, PC
>
>*/s/ Nabil G. Foster*
>Nabil G. Foster

Nabil G. Foster
BARRON & NEWBURGER, P.C.
53 W. Jackson Blvd, Suite 1205
Chicago, IL 60604
Telephone: 312-767-5750
Facsimile: 312-229-9203
nfoster@bn-lawyers.com

11

## **CERTIFICATE OF SERVICE**

I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S MOTION TO DISMISS** upon the following individual(s), by deposit in the U.S. mailbox at 53 W. Jackson Blvd, Chicago, IL 60604, postage prepaid; messenger delivery; Federal Express; facsimile transmitted from (312) 229-9203; or electronically via email or the Case Management/Electronic Case Filing System ("ECF") as indicated, on July 20, 2022 to the following individuals:

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff* |
| ___ | Facsimile | |
| ___ | Federal Express | Yaakov Saks |
| ___ | E-Mail | Stein Saks, PLLC |
| ___ | U.S. Mail | One University Plaza, Ste 620 |
| ___ | Messenger | Hackensack, NJ 07601 |
| | | Phone: (201) 282-6500 |
| | | Fax: (201) 282-6501 |
| | | ysaks@steinsakslegal.com |

Nabil G. Foster
BARRON & NEWBURGER, P.C.
53 W. Jackson Blvd, Suite 1205
Chicago, IL 60604
Telephone: 312-767-5750
Facsimile: 312-229-9203
nfoster@bn-lawyers.com

*/s/ Nabil G. Foster*
Nabil G. Foster
One of the Attorneys for Defendant

12