IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK STANGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22-cv-03112 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| RESURGENT CAPITAL SERVICES LP, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant's motion to dismiss [9] is granted. Because Plaintiff lacks standing, the complaint is dismissed without prejudice. If Plaintiff believes he can amend his complaint to plead a viable claim over which the Court has subject-matter jurisdiction, he may do so by 6/15/2023. If Plaintiff declines to file an amended complaint by 6/15/2023, the case will be dismissed with prejudice and closed. Telephonic status hearing set for 5/25/2023 is stricken and reset for 6/21/2023 at 9:00 AM. See the accompanying Statement for details.

## STATEMENT

In June 2021, Plaintiff Mark Stanger received a collection letter from Defendant Resurgent Capital Services LP ("Resurgent"), seeking to collect a debt with a current balance of $5,055.36. Elsewhere, the letter stated that the account balance at the time the debt's owner acquired it was $5,093.36. Yet Stanger had not made any payments on the debt since its owner acquired it, thus he was confused as to the discrepancy between the debt's current balance and its balance at the time of acquisition. Because Stanger contends that the collection letter was misleading and nonsensical, he has brought the current action asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Now, Resurgent asks the Court to dismiss Stanger's complaint for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 9.) For the reasons that follow, Resurgent's motion is granted.

### I.

The following facts are taken from Stanger's Complaint.

On June 15, 2021, Resurgent sent Stanger a validation of debt letter relating to a debt he owed to a bank. (Compl. ¶¶ 20–27, Dkt. No. 1.) The letter stated that the "Current Balance Due" on the debt was $5,055.36. (*Id.* ¶ 29.) It went on to provide further details regarding the debt. Relevant here, the letter stated that "[t]he account was acquired on or about: 2/21/2020," at which

time the account balance was $5,093.36. (*Id.* ¶ 30.) Yet, the letter also stated that the last payment on the debt was made on May 3, 2018. (*Id.*) Thus, the amount due on the debt had somehow decreased from $5,093.36 on February 21, 2020 to $5,055.36 by June 15, 2021, even though Stanger had not made a single payment toward the debt during that period. (*Id.* ¶¶ 31–36.) Moreover, the letter provided no details that might explain how the balance decreased. (*Id.* ¶¶ 38–41.)

According to Stanger, given the representations in the letter regarding the amount of the debt, Resurgent appeared to be attempting to collect on a nonsensical and mathematically incorrect debt. (*Id.* ¶ 36.) The letter's inconsistent representations regarding the debt gave Stanger reason to believe that the letter was fraudulent and left him unable to determine how to proceed with respect to the claimed debt. (*Id.* ¶¶ 42–54, 93.) Because of the allegedly deceptive and misleading nature of the collection letter, Stanger has brought the present action asserting claims against Resurgent under the FDCPA, 15 U.S.C. §§ 1692e, 1692f, and 1692g.

## II.

Resurgent has filed a motion to dismiss Stanger's complaint pursuant to Rule 12(b)(1) for lack of standing and pursuant to Rule 12(b)(6) for failure to state a claim. The Court begins by addressing standing—as standing is a threshold jurisdictional issue, which, if absent, precludes the Court from considering the merits of Stanger's FDCPA claims.

Standing is an essential component of Article III's limitation of federal courts' judicial power only to cases or controversies. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). There are three elements that constitute the "irreducible constitutional minimum" of standing. *Lujan*, 504 U.S. at 560. A "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338 (internal quotation marks omitted). Where a plaintiff does not have Article III standing, a federal district court lacks subject-matter jurisdiction to hear his or her claims. *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017).

Under Rule 12(b)(1), a party may make either a factual or facial challenge to subject-matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A factual challenge occurs where "the complaint is formally sufficient but the contention is that there is ***in fact*** no subject[-]matter jurisdiction" such that the Court can look beyond the complaint and consider evidence as to whether subject-matter jurisdiction exists. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation marks omitted). Here, Resurgent raises a facial challenge, which requires "only that the court look to the complaint and see if the plaintiff has sufficiently ***alleged*** a basis of subject[-]matter jurisdiction." *Id.* at 443. The same standard used to evaluate facial challenges under Rule 12(b)(1) is used to evaluate motions brought under Rule 12(b)(6). *Silha*, 807 F.3d at 174. Thus, the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).

2

Resurgent contends that Stanger lacks standing to assert his FDCPA claims because he fails to plead a cognizable injury in fact. To support standing, "an injury must be concrete; that is, it must be 'real, and not abstract.'" *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 667 (7th Cir. 2021) (quoting *Spokeo*, 578 U.S. at 340). "Though 'traditional tangible harms, such as physical harms and monetary harms,' most readily qualify as concrete injuries, 'various intangible harms can also be concrete.'" *Id.* (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021)). While "Congress has the power to define intangible harms as legal injuries for which a plaintiff can seek relief," it must do so "within the bounds of Article III" and, even then, "not every statutory violation implicates an interest Congress sought to protect." *Id.* (internal quotation marks omitted). Thus, the Seventh Circuit has observed that "the violation of an FDCPA provision, whether 'procedural' or 'substantive,' does not necessarily cause an injury in fact." *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021). Instead, a plaintiff "must show that the violation harmed or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect." *Wadsworth*, 12 F.4th at 668 (internal quotation marks omitted).

With those principles in mind, the Court now turns to the question of whether Stanger pleads a concrete injury arising from his receipt of Resurgent's collection letter containing seemingly inconsistent representations as to the amount of the debt. First, Stanger alleges that the letter left him confused as to the true amount he owed on the debt and made him concerned that the collection effort was fraudulent. As a result, he declined to make any payment on the debt while he determined its validity and the true amount owed. (Compl. ¶¶ 63–71.) In the meantime, Stanger spent the funds he would have used to pay the debt on other expenses and obligations, leaving him with less money to pay the debt once he resolved the concerns raised by the letter. (*Id.*)

It is well-established in this Circuit that a debtor's confusion, by itself, is not an injury in fact. *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020). However, confusion may be a cognizable injury where the debtor "acts, to [his] detriment, on that confusion." *Id.* Thus, the Seventh Circuit has found that "an FDCPA violation might cause harm if it leads a plaintiff to pay extra money, affects a plaintiff's credit, or otherwise alters a plaintiff's response to a debt." *Markakos*, 997 F.3d at 780. And Stanger argues here that Resurgent's letter altered his response to the debt by causing him not to pay it promptly. Still, the Court does not believe that the fact that Stanger delayed paying his debt pleads a concrete injury where he does not allege that he suffered any harm from that delay. It is not enough for Stanger to say he had less funds to pay the debt upon determining its validity if any delay in making payment due to insufficient funds did not cause some concrete detriment such as the accrual of additional interest or fees owed. *See Bemero v. Lloyd & McDaniel, PLC*, No. 22 C 6436, 2023 WL 3169772, at *3 (N.D. Ill. Apr. 28, 2023) (explaining that an FDCPA plaintiff's allegation that "she did not pay the debt because she found the letter confusing and, apparently, thought it was a fake or a scam" did not plead a concrete injury where she did "not identify any concrete detriment (such as additional interest or fees) she suffered as a result"); *Marcano v. Nationwide Credit & Collection, Inc.*, No. 20-cv-1803, 2021 WL 4523218, at *7 (N.D. Ill. Oct. 4, 2021) (finding that the fact that a collection letter caused a plaintiff "to act differently is not enough;" rather, the plaintiff's "altered response must have been to his detriment").

3

Next, Stanger contends that he has pleaded a concrete injury based on the time and money he spent trying to figure out the proper course of action in response to the letter. "The loss of time and money *might* be enough to establish Article III standing, but only when accompanied by specific allegations of tangible harm." *Keller v. Lvnv Funding, LLC*, No. 22-cv-00942, 2022 WL 7501335, at *2 (N.D. Ill. Oct. 13, 2022). By contrast, "district courts in the Seventh Circuit regularly find that vague and conclusory assertions of financial or monetary harm are insufficient to demonstrate a concrete injury." *Branham v. TrueAccord Corp.*, No. 22 CV 00531, 2023 WL 2664010, at *4 (N.D. Ill. Mar. 28, 2023). And, here, Stanger alleges only in conclusory fashion that he expended unspecified amounts of "time and money" in response to the letter. (Compl. ¶¶ 72–78.) Those allegations, without specific factual allegations, do not suffice. *See Branham*, 2023 WL 2664010, at *4 ("Nor does Plaintiff provide any allegations describing, even in approximate terms, what kind of financial or monetary losses she experienced."); *Keller*, 2022 WL 7501335, at *2 (finding no concrete injury where the plaintiff "offer[ed] nothing concrete about how Defendants' actions resulted in lost time and money"); *Milisavljevic v. Midland Credit Mgmt., LLC*, 581 F. Supp. 3d 1020, 1027 (N.D. Ill. 2022) (observing that allegations of lost time are insufficient absent an accompanying "economic harm" from the loss of time—for example, where the time would have otherwise gone to the plaintiff's gainful self-employment).

Finally, Stanger claims that he suffered a concrete injury from the emotional distress Resurgent's letter caused him. Specifically, Stanger alleges that the letter caused him "fear, anxiety, stress, increased heartrate, and difficulty with sleep." (Compl. ¶¶ 79–83.) In the Seventh Circuit, "[p]sychological states induced by a debt collector's letter . . . fall short" of pleading a concrete injury. *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022). Consequently, Stanger has no concrete injury merely because Resurgent's letter caused him fear, anxiety, and stress.

As Stanger correctly notes, the Seventh Circuit has suggested that where an FDCPA plaintiff's emotional injuries manifest themselves physically, those harms may rise to the level of a concrete injury. *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) ("Nor does stress by itself *with no physical manifestations* and no qualified medical diagnosis amount to a concrete harm." (emphasis added)). He therefore contends that his emotional injuries are sufficiently concrete because they manifested themselves physically in the form of his increased heartrate and difficulty sleeping. However, the Court finds that having difficulty sleeping as a result of collection-letter induced anxiety is nothing more than the type of purely psychological harm that is insufficient to support standing. *Milisavljevic*, 581 F. Supp. 3d at 1026 ("[S]leep deprivation caused by worry alone cannot establish standing" (quoting *Choice v. Unifund CCR, LLC*, No. 19-cv-5773, 2021 WL 2399984, at *2 (N.D. Ill. June 11, 2021))); *see also Wadsworth*, 12 F.4th at 668 (holding that the plaintiff had not proved an injury in fact even though she had testified that she "got less sleep" as a result of the stress and anxiety caused by the defendant's debt collection letter). Also unavailing as a physical manifestation is Stanger's increased heartrate—as that is simply a physiological response to emotions like fear, anxiety, and stress. If an increased heartrate were enough to concretize those emotional injuries, then the "physical manifestations" exception would swallow the rule that emotional injuries, by themselves, are not a cognizable injury in fact.

## III.

Because Stanger has failed to plead adequately that Resurgent's conduct caused him an injury in fact, he lacks standing to assert his FDCPA claims. For that reason, Resurgent's motion to dismiss is granted and the complaint is dismissed without prejudice.

Dated: May 25, 2023

                                                                   _____
                                                                   Andrea R. Wood
                                                                   United States District Judge